**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**KIMBERLEE CASIMIRI,**

    **Plaintiff,**

v.                                                                                    CASE NO.:

**SWANK DAY SPA, LLC** and
**RONETTE V. SWANK, an individual,**

    **Defendants.**
_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, KIMBERLEE CASIMIRI, by and through undersigned counsel, brings this action against Defendants, SWANK DAY SPA, LLC ("SDS") and RONETTE V. SWANK in her individual capacity ("Defendant Swank"), (collectively as "Defendants"), and in support of her claims states as follows:

**JURISDICTION AND VENUE**

1. This is an action for damages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq., for failure to pay overtime wages under 29 U.S.C. § 215(a)(3), the Internal Revenue Code, 26 U.S.C. § 7434., and unpaid wages under Florida common law and Fla. Stat. Section 448.08.

2. This Court has subject matter jurisdiction under 28 U.S.C. § 1331 and 29 U.S.C. § 201 et seq. Exercise of supplemental jurisdiction over Plaintiff's state law claims is appropriate under 28 U.S.C. § 1367(c).

3. Venue is proper in the Middle District of Florida, because all of the events giving rise to these claims occurred in Pinellas County, Florida.

## PARTIES

4. Plaintiff is a resident of Pasco County, Florida.

5. SDS is registered limited liability company with the State of Florida who operates a therapeutic and massage company in Palm Harbor, in Pinellas County, Florida. SDS is owned and managed by Defendant Swank.

6. Defendant Swank is an individual owner of SDS and exercises significant day-to-day control over SDS, including with respect to personnel, management, and daily business operations. Defendant Swank was responsible for setting Plaintiff's wages, including determining Plaintiff's rate of compensation and scheduling the hours worked by Plaintiff. Thus, Defendant Swank is also an "employer" within the meaning of the FLSA, 29 U.S.C. § 203 (d).

7. The INTERNAL REVENUE SERVICE ("IRS") will be notified of this Complaint as the Internal Revenue Code requires. Specifically, the Internal Revenue Code provides that "[a]ny person bringing an action under [26 U.S.C. § 7434] Subsection (a) shall provide a copy of the complaint to the IRS upon the filing of such complaint with the court." 26 U.S.C. § 7434(d).

## GENERAL ALLEGATIONS

8. Plaintiff has satisfied all conditions precedent, or they have been waived.

9. Plaintiff has hired the undersigned attorneys and agreed to pay them a fee.

10. Plaintiff requests a jury trial for all issues so triable.

11. At all times material hereto, Plaintiff was "engaged in the production of goods" for commerce within the meaning of Sections 6 and 7 of the FLSA, and as such was subject to the individual coverage of the FLSA.

12. At all times material hereto, Defendants were an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d).

13. Defendants continue to be an "employer" within the meaning of the FLSA.

14. At all times material hereto, Defendants were and continue to be an enterprise covered by the FLSA, as defined under 29 U.S.C. §§ 203(r) and 203(s).

15. At all times relevant to this action, Defendants were engaged in interstate commerce within the meaning of the FLSA, 29 U.S.C. § 203(s).

16. At all times relevant to this action, the annual gross sales volume of Defendants exceeded $500,000 per year.

17. At all times material hereto, Plaintiff, while employed by Defendants, did not fall within any of the classes of employees who are exempt from the FLSA's overtime provisions under 29 U.S.C. § 213.

18. Thus, Plaintiff is a "non-exempt employee" who is covered by the FLSA.

19. At all times material hereto, the work performed by Plaintiff was directly essential to the business performed by Defendants.

## FACTS

20. Plaintiff began working for Defendants as massage therapist in March 2018, and she worked in this capacity until August 2019.

21. At all times material hereto, Plaintiff worked a set schedule during her employment with Defendants.

22. At all times material hereto, Defendants retained the right to control the manner and means by which Plaintiff performed her work.

23. At all times material hereto, Defendants have willfully misclassified Plaintiff as an independent contractor, rather than an employee, despite the fact that the factual circumstances of the relationship between Defendants and Plaintiff demonstrates that Plaintiff is in fact an employee of the company.

24. At various times material hereto, Plaintiff worked hours in excess of forty (40) hours within a work week for Defendants, and was entitled to be compensated for these overtime hours at a rate equal to one and one-half times regular hourly rate.

25. Defendants failed to pay Plaintiff an overtime premium for all of the overtime hours that she worked, in violation of the FLSA.

26. Defendants' actions were willful, and showed reckless disregard for the provisions of the FLSA.

27. Defendants paid Plaintiff without deducting any applicable taxes, for the purpose of intentionally avoiding their IRS obligations.

28. In particular, Defendants failed to provide Plaintiff with IRS Forms W-2 for tax years 2018-2019.

29. Thus, Defendants knew or should have known that they had a legal duty to withhold taxes from Plaintiff's earnings and to provide Plaintiff with IRS Forms W-2 for each tax year during which Plaintiff worked.

30. Defendants' actions were willful, and showed reckless disregard for the provisions of the Internal Revenue Code.

31. In exchange for Plaintiff's services, Defendants agreed to pay Plaintiff for her services.

32. Defendants failed to pay Plaintiff all wages owed to Plaintiff, including making unlawful deductions of thirty dollars ($30) per paycheck for laundry.

33. To date, Defendants have failed to pay Plaintiff all earned wages.

34. Plaintiff's unpaid constitute "wages" under Florida common law, as well as under Fla. Stat. § 448.08.

## COUNT I – FLSA OVERTIME VIOLATION

35. Plaintiff realleges and readopts the allegations of paragraphs 1 through 34 of this Complaint, as though fully set forth herein.

36. During the statutory period, Plaintiff worked overtime hours while employed by Defendant, and she was not compensated for all of these hours in accordance with the FLSA.

37. The foregoing conduct, as alleged, constitutes a willful violation of the FLSA, within the meaning of 29 U.S.C. § 255(a).

38. As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

    a) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

    b)    Judgment against Defendants stating that Defendants' violations of the FLSA were willful;

    c)    An equal amount to Plaintiff's overtime damages as liquidated damages;

    d)    To the extent liquidated damages are not awarded, an award of prejudgment interest;

    e)    A declaratory judgment that Defendants' practices as to Plaintiff were unlawful, and grant Plaintiff equitable relief;

    f)    All costs and attorney's fees incurred in prosecuting these claims; and

    g)    For such further relief as this Court deems just and equitable.

**COUNT II – CIVIL DAMAGES FOR FRAUDULENT FILING OF INFORMATION RETURNS UNDER 26 U.S.C. §7434 (a)**

39.    Plaintiff realleges and readopts the allegations of paragraphs 1 through 34 of this Complaint, as though fully set forth herein.

40.    By failing to provide Plaintiff with IRS Forms W-2 for all of the tax years during which she was employed by Defendants, and failing to properly record, account for, and report to the IRS all monies paid to Plaintiff as compensation for all of the hours that Plaintiff worked during the course of her employment with Defendants, Defendants filed fraudulent information returns with the IRS, in violation of 26 U.S.C. § 7434.

41.    Under the Internal Revenue Code, "[if] any person willfully files a fraudulent information return with respect to payments purported to be made to any other person, such other person may bring a civil action for damages against the person so filing such return." 26 U.S.C. § 7434(a).

*WHEREFORE*, Plaintiff demands:

 (a) Costs attributable to resolving deficiencies, damages of $5,000.00 for Plaintiff, and damages resulting from the additional tax debt and additional time and expenses associated with any necessary correction.

 (b) That Defendants be ordered to take all the necessary steps to correct the information returns identified above.

 (c) All costs and attorney's fees incurred in prosecuting these claims; and

 (d) For such further relief as the Court deems just and equitable.

## COUNT III – UNPAID WAGES UNDER FLORIDA COMMON LAW

42. Plaintiff realleges and readopts the allegations of paragraphs 1 through 34 of this Complaint, as though fully set forth herein.

43. During the statutory period, Plaintiff worked for Defendants, and Defendants agreed to pay Plaintiff for Plaintiff's services.

44. Defendants failed to pay Plaintiff all "wages" owed to Plaintiff by making unlawful deductions to Plaintiff's wages.

45. As a result of the foregoing, Plaintiff has suffered damages.

*WHEREFORE*, Plaintiff demands:

 a) A jury trial on all issues so triable;

 b) That process issue, and that this Court take jurisdiction over the case;

 c) Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages;

    d)    All costs and attorney's fees incurred in prosecuting these claims, in accordance with Fla. Stat. § 448.08;

    e)    For such further relief as this Court deems just.

### JURY TRIAL DEMAND

Plaintiff demands trial by jury as to all issues so triable.

Dated this 23rd day of September, 2019.

Respectfully submitted,

_____

**LUIS A. CABASSA**
Florida Bar Number: 0053643
**ANTHONY M. KNIGHT**
Florida Bar Number: 1010530
**WENZEL FENTON CABASSA, P.A.**
1110 N. Florida Avenue, Suite 300
Tampa, Florida 33602
Main Number: 813-224-0431
Direct Dial: (813) 379-2565
Facsimile: 813-229-8712
Email: lcabassa@wfclaw.com
Email: aknight@wfclaw.com
Email: gnichols@wfclaw.com
**Attorneys for Plaintiff**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 23rd of September, 2019 a true and correct copy of this Complaint was served on Internal Revenue Service, pursuant to 26 U.S.C. § 7434 (d), at 3848 W. Columbus Dr., Tampa, FL 33607.

_____
**LUIS A. CABASSA**